Cornelis Petrus Johannes
BRONS, Petitioner,

v.

Frances M. HOLMES, District Director of the Department of Homeland Security, Buffalo, New York, Steven J. Connelly, Assistant Chief Counsel of the Department of Homeland Security, Buffalo, New York, Department of Homeland Security, Michael Chertoff, Secretary of the Department of Homeland Security of United States of America, Respondent.

---

* The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation. Because the Honorable Richard C. Wesley recused himself shortly prior to argument, a two judge panel decided this case. *See* 2d Cir. R. § 0.14(b).

No. 06–0380–ag.

United States Court of Appeals, Second Circuit.

Jan. 29, 2007.

Wade E. Johnson, New York, N.Y., for Petitioner.

Erica B. Miles, Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, (Peter Keisler, Assistant Attorney General; Linda S. Wernery, Assistant Director, on the brief), Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. PETER W. HALL, Circuit Judges, Hon. DAVID G. TRAGER,* District Judge.

* The Honorable David G. Trager of the United States District Court for the Eastern District of New York, sitting by designation.

50

**SUMMARY ORDER**

Petitioner Cornelis Petrus Johannes Brons petitions for review of, *inter alia,* a December 29, 2005, decision of the Board of Immigration Appeals ("BIA"), *In Cornelis Petrus Johannes Brons,* A 11 991 851 (B.I.A. Dec. 29, 2005), denying his motion to reconsider its decision granting the government's motion to dismiss Brons's pending appeal to the BIA pursuant to 8 C.F.R. § 1003.4, *In re Cornelis Petrus Johannes Brons,* A 11 991 851 (B.I.A. Sept. 29, 2005). We assume the parties' familiarity with the procedural history, the relevant facts, and the specification of issues on appeal.

■ We deny the petition for review and hold that the BIA did not exceed its allowable discretion in denying Brons's motion to reconsider. Our review is limited to the BIA's decision of December 29, 2005. Brons failed to file a timely petition for review of the BIA's September 29, 2005, decision granting the government's motion to dismiss his administrative appeal. We are, therefore, "precluded from passing on the merits of the underlying exclusion proceedings, and must confine our review to the denial of petitioner's motion to reopen these proceedings," which we review for an abuse of discretion. *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (internal quotation marks omitted). We will vacate the BIA's denial of a motion to reconsider only "in those circumstances where the Board's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34.

■ Brons admits that he departed the United States in February 2005. He argues that the Department of Homeland Security (DHS) gave him permission to depart the country during the pendency of his administrative appeal. Although the government may, in certain circumstances, be equitably estopped in the immigration context, *see Thom v. Ashcroft,* 369 F.3d 158, 165 n. 13 (2d Cir.2004), the record before us is insufficient to justify equitably estopping the DHS from invoking 8 C.F.R. § 1003.4, *see Drozd v. INS,* 155 F.3d 81, 90 (2d Cir.1998) (noting that "[t]he doctrine of equitable estoppel is not available against the government except in the most serious of circumstances, and is [to be] applied with the utmost caution and restraint" (internal quotation marks and citations omitted)).

We need not address the merits of whether the DHS's permission to leave the country would warrant estopping the agency from invoking 8 C.F.R. § 1003.4, because the record shows that Brons never received such permission. Brons claims that a May 21, 2004, letter from the DHS gave him permission to leave the country during the pendency of his administrative appeal. This letter, however, stated only that Brons's passport would continue to "be endorsed with temporary evidence of Lawful Permanent Residency (LPR) status," and said nothing regarding his ability to travel abroad. Moreover, Brons knew that his status as an LPR was precarious as the letter stated that he would not be receiving a replacement Green Card (Form I–551: Alien Registration Receipt Card). Further, the General Instructions provided by the DHS for the filing of a notice of appeal to the BIA—which Brons admitted to have read—warned him of the risk of leaving the country: "If you leave the United States after filing an appeal with the Board, but before the Board decides your appeal, your appeal may be withdrawn and the Immigration Judge's decision put into effect as if you had never filed an appeal." *Cf. Martinez-de Bojor-*

quez v. Ashcroft, 365 F.3d 800, 805 (9th Cir.2004) ("[D]ue process requires that some form of notice be given directly to individuals ... before their appeals are deemed waived pursuant to 8 C.F.R. § 1003.4 when they briefly leave the United States.").

Given this notice and the presence of 8 C.F.R. § 1003.4, it was unreasonable for Brons to presume that the DHS's letter of May 21, 2004, gave him permission *carte blanche* to leave and reenter the country. As the Ninth Circuit noted, however "infelicitous this [rule] may seem ... an alien against whom a deportation order has been issued cannot afford to become an international traveler if he hopes to maintain his status in this country." *Aguilera–Ruiz v. Ashcroft*, 348 F.3d 835, 839 (9th Cir.2003) (internal quotation marks and alterations omitted). Thus, the BIA did not exceed its allowable discretion in holding that Brons's appeal was withdrawn under 8 C.F.R. § 1003.4.

■ Since his departure is the "equivalent of his having failed to appeal," Brons failed to exhaust his administrative remedies. *Mejia–Ruiz v. INS*, 51 F.3d 358, 365 (2d Cir.1995). We, therefore, lack jurisdiction to hear his petition. *See id.*

For the foregoing reasons, the petition for review is hereby **DENIED.** The stay of deportation that we previously granted in this petition is **VACATED,** and the pending motion to file a reply brief is **DENIED** as moot.